# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO VALEZ, | : | 1:19-cv-1648 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | |
| WARDEN CATRICIAL HOWARD, | : | |
| Defendant. | : | |

## **MEMORANDUM**

## **September 26, 2019**

On September 24, 2019, Pedro Valez ("Valez"), an inmate at FCI-Allenwood (Medium), in Allenwood, Pennsyvlania, initiated an action before this Court styled as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). The pleading was typed on a pre-printed §2241 form available to inmates at federal correctional facilities. Valez paid the $5.00 filing fee required of 28 U.S.C. § 2241 petitions.

Within the filing, Valez submits that he is filing an "emergency writ due to the condition of prisoner whereas, petitioner is suffering "medical" complication that are [*sic*] life threatening . . ." (Doc. 1, p. 2). Valez further alleges that he "believes that he may be close to death . . . due to [his] severe "headache" . . . (Doc. 1, p. 3).

Valez that he has not exhausted his administrative remedies on the because he "believe[s] that he may be dying!" (Doc. 1, p. 10) As relief, Valez seeks to be taken to a hospital and evaluated by a "Specialist that are [*sic*] trained in the area that petitioner may be suffering from." (Doc. 1, p. 11).

At the outset, we note that Valez has mis-filed his action as a habeas petition, rather than a civil rights complaint. The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv. L.Rev. 1551, 1553 (2001)." *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a ... prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other

than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy." *Preiser v. Rodriguez,* 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge. Careful review of the petition reveals that Valez does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he challenges the adequacy of the medical care administered by the medical staff at FCI-Allenwood (Medium), and seeks specified injunctive relief in the form of being transported to a hospital for evaluation by a specialist. Because the relief he seeks is due to the alleged deprivation of certain rights and privileges afforded to him under the Eighth Amendment to the United States Constitution, the appropriate remedy is a civil rights action.

These aforementioned settled legal tenets control here and are fatal to Valez's habeas petition. Since it is well established that the types of complaints made by the Valez regarding the conditions of his confinement simply do not sound in habeas, this petition must be dismissed. Valez's recourse, if any, would be through a civil rights action challenging these prison conditions. However, because the filing

requirements for habeas and civil rights actions differ, and the two types of actions raise different issues in terms of procedural requirements and substantive standards, it would not be appropriate to simply construe Valez's pleading, which was clearly designated as a habeas petition, as a civil rights action. Instead, we shall dismiss the petition without prejudice to Valez later filing a separate civil rights action if he chooses to do so. *Woodruff v. Williamson,* No. 06–2310, 2009 WL 703200, at 6 (M.D. Pa. March 12, 2009) (dismissing habeas petition challenging SMU placement without prejudice to separate civil rights action).1

---

1 We take this opportunity to remind Valez that with few exceptions, he must exhaust the administrative remedies available to him as a precursor to filing any suit that alleges the type of harm he asserts.